28 371
81 494
52 LRA 354

N. F. SCHWARZ, Administrator, *vs.* SAMUEL JUDD and others.

October 25, 1881.

**Statutory Action for Injury causing Death—Requisites of Complaint.—** Gen. St. 1878, *c.* 77, § 2, provides that "when death is caused by the wrongful act or omission of any party, the personal representatives of the deceased may maintain an action, if he might have maintained an action, had he lived, for an injury caused by the same act or omission, * * * *and the amount recovered is to be for the exclusive benefit of the widow and next of kin.*" *Held,* that this right of action is given for the benefit of the widow and next of kin, upon the theory that they have a pecuniary interest in the life of the deceased, and the object of the statute is to compensate them for their loss caused by his death; and, if there are neither widow nor next of kin, there can be no recovery, because there are no persons entitled to compensation under the statute. Therefore, it is necessary, in such an action, that the complaint allege that deceased left surviving him a widow or next of kin.

This action was brought in the district court for Washington county, by plaintiff, as administrator of Jacob Jacobi, deceased. The complaint alleges that deceased, in his lifetime, paid his fare and took passage in a steamboat, owned and operated by defendants, and carrying freight and passengers on the St. Croix river, and that owing to the unseaworthy condition of the boat and the negligence of defendants in its management, in running it against the rocks and shore of the river, he was thrown from the boat and drowned. It also contains the allegation recited in the opinion, which was stricken out by order of *Crosby, J.,* from which order this appeal is taken by plaintiff.

*J. N. & I. W. Castle,* for appellant.

*McCluer & Marsh,* for respondents, cited, *City of Chicago* v. *Major,* 18 Ill. 349; *Lamphear* v. *Buckingham,* 33 Conn. 237; *Sherman* v. *Western Stage Co.,* 24 Iowa, 515; *Goodsell* v. *Hartford & N. H. R. Co.,* 33 Conn. 51; *Rose* v. *Des Moines Valley R. Co.,* 39 Iowa, 246; *Chicago & N. W. Ry. Co.* v. *Bayfield,* 37 Mich. 205.

MITCHELL, J. This action was brought by the plaintiff as personal representative of Jacob Jacobi, deceased, under Gen. St. 1878,

*c.* 77, § 2, which provides that "when death is caused by the wrongful act or omission of any party, the personal representatives of the deceased may maintain an action, if he might have maintained an action, had he lived, for an injury caused by the same act or omission. * * * The damages thereon cannot exceed $5,000, and the amount recovered is to be for the exclusive benefit of the widow and next of kin, to be distributed to them in the same proportions as the personal property of the deceased person." The case comes up on appeal from an order striking out as immaterial the following allegation of the complaint, to wit: "and that his (deceased's) father, Peter Jacobi, a feeble old man, was and is his heir-at-law and next of kin."

This right of action is given for the benefit of the widow and next of kin. The theory of the statute is that they have a pecuniary interest in the life of the deceased, and its object is to compensate them for their loss caused by his death. As their pecuniary loss is the sole measure of damages, so the satisfaction of that loss is the sole purpose for which the right of action is given. The statute, like those of a majority of the states of the Union, is borrowed in substance from the English statute of 9 & 10 Vict. *c.* 93, commonly known as "Lord Campbell's Act." The courts of England and generally of this country have adopted this view as to the purpose and object of these statutes, which we think is in accordance with their plain meaning and intent. The distinction must be kept in mind between such statutes and those which simply provide that a cause of action, for the benefit of his estate, shall survive the death of the person entitled to the same. Under our statute, the damages which may be recovered are designed as a compensation or indemnity to certain persons, and not to the general estate, and therefore the fact that there are persons entitled to this indemnity, must be both alleged and proved in order to warrant a recovery. An allegation, therefore, that deceased left a widow, or next of kin, who are entitled to compensation, is both material and necessary. *Safford* v. *Drew,* 3 Duer, 627; *Lucas* v. *New York Cent. R. Co.,* 21 Barb. 245; *Chicago & Rock Island R. Co.* v. *Morris,* 26 Ill. 400; *Conant* v. *Griffin,* 48 Ill. 410. Even if it be true that the part of the complaint

stricken out includes some statements that are immaterial or unnecessarily specific, this would not justify an order striking out the whole.

Order reversed.