ANNA E. STEWART v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 24, 1908.

Nos. 15,333—(129).

**Death—Pleading Foreign Statute.**
 In an action brought in this state to recover damages for the wrongful killing of a person in another state, the plaintiff must plead the statute of that state which creates the liability and authorizes the action to be brought by him.

Action in the district court for Beltrami county by Anna E. Stewart, as administratrix of the estate of Tobey R. Irwin, deceased, to recover $5,000 damages for the death of plaintiff's intestate. From an or-

.1 Reported in 114 N. W. 953.

der, Spooner, J., overruling its demurrer to the complaint, defendant appealed. Reversed.

*M. L. Countryman,* for appellant.

*W. E. Dodge* and *Wm. A. Tautges,* for respondent.

ELLIOTT, J.

This is an action brought by Anna E. Stewart, as administratrix of the estate of Toby R. Irwin, deceased, against the Great Northern Railway Company, to recover damages for the wrongful killing of Toby R. Irwin by the defendant in the state of North Dakota. The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and the appeal is from an order overruling the demurrer. The defect in the complaint is the failure to plead any statute of North Dakota which confers the right to maintain this action upon the administratrix of the deceased. ·

At common law no liability existed for wrongfully causing the death of a person, and none exists at present unless created by statute. Such statutes have been adopted in nearly all the states, including Minnesota. The presumption that the common law is the same in a sister state as in this state does not extend to the statutory law. Therefore, before a person can recover damages in this state for the wrongful killing of a person in a foreign state, he must plead and prove the existence of a statute of that state which creates a liability and also confers upon him the right to enforce that liability. The right of the particular person to maintain the action is as essential as the liability of the defendant. Until the legislature has declared who shall bring the statutory action and who shall be the beneficiary thereof, the common law has not been changed to such an extent as to enable an action to be maintained. Woodward v. Michigan, 10 Oh. St. 121; Usher v. West Jersey Ry. Co., 126 Pa. St. 206, 17 Atl. 597, 4 L. R. A. 261, 12 Am. St. 863; McGinnis v. Missouri, 174 Mo. 225, 73 S. W. 586, 97 Am. St. 553; Lee v. Missouri, 195 Mo. 400, 92 S. W. 614. The foreign statute must be pleaded, and the remedy prescribed by it must be pursued. Whitlow v. Nashville, 114 Tenn. 344, 84 S. W. 618, 68 L. R. A. 503. See Powell v. Great Northern Ry. Co., 102 Minn. 448, 113 N. W. 1017.

This complaint alleges that the cause of action arose in North Dakota, and pleads that portion only of the statute of North Dakota which provides that "whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation or company which, would have been liable if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." This creates a liability on the part of the defendant, but does not confer the right to recover the damages upon this plaintiff. As it cannot be presumed that the statute of North Dakota is the same as that of Minnesota, the complaint is defective, and the demurrer should have been sustained.

The order is therefore reversed.