HERMAN LAHTI v. OLIVER IRON MINING COMPANY.[1]

December 18, 1908.

Nos. 15,872—(94).

**Complaint—Allegation of Heirship.**

> In an action authorized by section 4503, R. L. 1905, to recover damages
> for death by wrongful act, a complaint which alleges that the deceased
> left surviving him a certain person as his next of kin and heir at law,
> without stating the relation of this person, or that the deceased left no
> widow, is good as against a demurrer.

Action in the district court for St. Louis county by the administrator of the estate of Hjalmar Laukkonen to recover $5,000 for his wrongful death. From an order, Dibell, J., overruling its demurrer to the complaint, the Oliver Iron Mining Company appealed. Affirmed.

*Baldwin, Baldwin & Dancer,* for appellant.

*John R. Heino* and *Warner E. Whipple,* for respondent.

ELLIOTT, J.

This is an appeal by the Oliver Iron Mining Company from an order overruling a general demurrer to the complaint interposed by it in an action brought by Herman Lahti, as administrator, against the Oliver Iron Mining Company and the Drake-Stratton Company. It is contended that the complaint does not state a cause of action against the appellant, because it fails (1) to charge negligence on the part of the appellant, and (2) to show that the deceased left a surviving widow or next of kin for whose benefit the action may be maintained. The trial court in his memorandum says:

"The plaintiff was in the employ of the defendant, Drake-Stratton Company. This company was stripping the Fayal mine of the defendant Oliver Mining Company. The complaint lacks desired certainty of averment, but privity between the two defendants fairly appears. The Drake-Stratton Company was an independent contractor. For its negligence, if any, in conducting its stripping operations, locating its railway tracks, directing its employees where

[1] Reported in 118 N. W. 1018.

106 M.—16

to work, etc., the Oliver Company was not liable, and the complaint does not seek to charge it therefor. * * * An allegation of negligence is so much a statement of an ultimate fact that its sufficiency cannot often be challenged successfully on demurrer. The complaint in effect alleges that the Drake-Stratton Company was working on the Oliver Company's property, and that in doing its work and for the purpose of carrying it on it built its track where it was with the consent and license of the latter company. The owner of property upon which work is being done may owe a duty to the servant of an independent contractor in caring for its premises, and may be charged with negligence in failing to perform its duty in that behalf. Whether the statute which requires the fencing or guarding of dangerous places applies in this case is not of controlling importance upon this demurrer. The allegation is that there was a negligent failure to fence or guard. It does not necessarily appear that evidence offered under this allegation will not show actionable negligence.

"The complaint alleges that the deceased left surviving him a certain person as his next of kin and heir at law. It does not state the relationship of this person. It does not negative the leaving of a widow. The widow is not the next of kin. The allegation is a good one to make better, but not so bad as to vitiate the whole pleading. The complaint alleges that there is a beneficiary living, presumably suffering loss by the death. The plaintiff would be required to make the complaint more certain and definite in this respect on motion; but it is good on demurrer."

This statement covers the issues and disposes of them satisfactorily. The statutes give a right of action in cases of this character "for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of persons dying intestate." R. L. 1905, § 4503. The designation of the beneficiary is an essential element of the statute. Stewart v. Great Northern Ry. Co., 103 Minn. 156, 114 N. W. 953. The right of action depends, therefore, upon the existence of some one of the persons thus designated, and a complaint must allege that the deceased left surviving him either a widow or a next of kin. Schwarz v. Judd, 28 Minn. 371, 10 N. W. 208; Sykora v. Case Threshing-Mach. Co., 59 Minn. 130, 133, 60 N. W. 1008. If that is done, the complaint

states a cause of action. The action is brought by the administrator in a representative capacity, and a recovery is for the benefit of the person or persons who, under the statute, is entitled to the money. He is the trustee of the parties to be benefited (Foot v. Great Northern Ry. Co., 81 Minn. 493, 84 N. W. 342, 52 L. R. A. 354, 83 Am. St. 395), and a recovery by him will be a bar to any further action for the same cause.

Order affirmed.