# PETER VANDER WEGEN v. GREAT NORTHERN RAILWAY COMPANY.[1]

March 10, 1911.

Nos. 16,798—(69).

**Death by wrongful act — beneficiary under Montana act.**

> Action to recover damages for the death of the plaintiff's intestate, which the complaint alleged occurred in the state of Montana by the wrongful act or neglect of the defendant; but it does not allege the existence of any beneficiary. *Held,* construing the statute of that state (Rev. Codes § 6486), that the action is given only for the benefit of the heirs of a decedent, and that the complaint does not state a cause of action.

Action in the district court for Ramsey county by the administrator of the estate of Henry Vander Wegen, deceased, to recover $25,000 for the death of his intestate. From an order, Kelly, J., overruling its demurrer to the complaint, defendant appealed. Reversed.

*M. L. Countryman,* for appellant.
*W. R. Duxbury,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Ramsey overruling a general demurrer interposed by the defendant to the complaint herein. The allegations of the complaint, here material, are to the effect following:

On October 30, 1909, at Goodale, in the state of Montana, the plaintiff's intestate was in the employ of the defendant in the capacity of a locomotive fireman on one of its engines. He was then and there, solely by reason of the defendant's negligence in not keeping the engine in a safe condition, thrown upon defendant's railway track and run over by a freight train, and thereby so injured that he died in ten hours thereafter, as a result thereof. On No-

[1]Reported in 130 N. W. 70.

vember 16, 1909, the plaintiff was duly appointed the administrator of his estate by the county court of the county of Clark, Wisconsin. At the time of his death the statutes of the state of Montana (Rev. Codes 1907) relevant to death by wrongful act or neglect, which are still in force, provided as follows:

"Sec. 5251. Every person or corporation operating a railway or railroad in this state, shall be liable for all damages sustained by any employee of such person or corporation in consequence of the neglect of any other employee or employees thereof, or by the mismanagement of any other employee or employees thereof, and in consequence of the wilful wrongs, whether of commission or omission, of any other employee or employees thereof, when such neglect, mismanagement or wrongs, are in any manner connected with the use and operation of any railway or railroad on or about which they shall be employed, and no contract which restricts such liability shall be legal or binding.

"Sec. 5252. In case of the death of any such employee in consequence of any injury or damage so sustained, the right of action shall survive and may be prosecuted and maintained by his heirs or personal representatives."

"Sec. 6486. When Representative May Sue for Death of One Caused by the Wrongful Act of Another.—When the death of one person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section such damages may be given as under all the circumstances of the case may be just."

The estate of the deceased has been damaged in the sum of $25,000, and this action brought for and on behalf of his estate. The complaint does not allege that the deceased left any heirs. The widow and kindred of a decedent are his heirs, as the term is used in the statutes of Montana, and, if there be none, his estate escheats to the state. Rev. Codes, § 4820.

A decision of the question whether the complaint herein states

facts constituting a cause of action involves a construction of the statutory provisions of Montana set out in the complaint. The language used to express the legislative intention must be construed with reference to the common law and the humane and remedial statutes, which have been generally adopted to mitigate the harshness of the common-law rule, when applied to the widow and orphans of one who is killed by the wrongful act or neglect of another. So construing sections 5252 and 6486, do they, or either of them, give a cause of action to the personal representative, without reference to whether the decedent left heirs? If so, then, in case the decedent leaves no property, but a widow, children, and creditors whose claims exceed the amount of the recovery, the creditors take the whole thereof, less exemptions, if any. Again, if there be no heirs, the residue of the amount recovered escheats to the state. It seems unthinkable that the legislature intended such results.

It is to be noted that section 5252 provides that the right of action shall survive and be prosecuted by either the heirs or personal representative of the deceased. Prosecuted for the benefit of his estate, or for his heirs? Section 6486 provides that either the heirs or personal representative may maintain the action, and such damages may be given as under all the circumstances of the case may be just. If, by either of these sections, the action survives or is given for the benefit of the estate, without reference as to whether there are heirs, why is the right given to the heirs to prosecute or maintain the action? The only reasonable construction of these statutory provisions is that the action may be prosecuted, if it survives, or maintained, if it accrues by virtue of section 6486, by either the heirs or personal representative *for the benefit of the heirs.* Where the heirs are numerous, or are minors, it would be more convenient and less expensive for the personal representative to prosecute the action for their benefit; hence the statute confers the right in the alternative.

The supreme court of Montana, in the case of Dillon v. Great Northern Ry. Co., 38 Mont. 485, 100 Pac. 960, held that where the death of the decedent was instantaneous the cause of action did not survive under the provisions of section 5252, and stated that this

section was couched in such obscure language as to make it practically meaningless. It is to be noted in this connection, as stated in the opinion, that the action in the Dillon case was exclusively based upon section 5252, to avoid the defense that his injuries resulted from the negligence of his fellow servants.

If, therefore, the plaintiff's alleged cause of action depends upon section 5252, it is doubtful, in view of the decision in the Dillon case, whether it can be sustained upon any allegations of fact.

Not so, however, with section 6486, as to which the supreme court of Montana in the case cited said: "It was also a rule of the common law, generally speaking, that for the death of one person, caused by the wrongful act of another, there was not any remedy by civil action. Because of the harshness of this rule, the English Parliament in 1846 enacted a statute (St. 9 & 10 Vict. c. 93), generally known as 'Lord Campbell's Act.' This act is the model after which a like statute has been enacted in nearly every state in this Union. While our statutes may vary from the English act in some minor particulars, they are all framed with the same general purpose in view, namely; to give to certain kindred of the deceased a right of action for damages which they sustain by reason of the death of the deceased. Our statute is found in section 6486 of the Revised Codes, and while it bears slight resemblance to the English statute, the general purpose is the same. * * * The kindred seek compensation for such portion of the deceased's earnings as would have come to them had he lived, and possibly for the loss of companionship and the like." We accordingly hold that an action may be maintained, by virtue of this section 6486, by the heirs or personal representative of the deceased, for the benefit of his heirs.

This brings us to the question whether it was necessary to allege in the complaint the existence of such heirs. While the question whether the action can be maintained depends exclusively upon the laws of Montana, yet the question of the sufficiency of the complaint is a question to be determined by the law of the forum—the decisions of this court. Fryklund v. Great Northern Ry. Co., 101 Minn. 37, 111 N. W. 727. Whatever may be the rule in other jurisdictions, it is the settled law of this state that a complaint, in

an action by the personal representative of a decedent to recover· damages on account of his death by the wrongful act of another, must allege the existence of the beneficiary. Schwarz v. Judd, 28 Minn. 371, 10 N. W. 208; Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665; Lahti v. Oliver Iron Mining Co., 106 Minn. 241, 118 N. W. 1018. The complaint in this case fails to allege any beneficiary; hence it does not state facts constituting a cause of action.

Order reversed.