MELZNER, ADMINISTRATOR, APPELLANT, *v.* NORTHERN PACIFIC RY. CO., RESPONDENT.

(No. 3,175.)

(Submitted September 20, 1912.   Decided October 26, 1912.)

[127 Pac. 1002.]

*Personal Injuries—Railroad Employees—Interstate Commerce—Federal Employer's Liability Act—Proper Party Plaintiff—Complaint—Insufficiency.*

Personal Injuries—Interstate Commerce—Federal Employer's Liability Act —Applicability.
    1.   Plaintiff administrator having alleged in his complaint that when his intestate was injured he was in the employment of defendant railway company in interstate commerce, his right of recovery was determinable by the provisions of the Federal Employer's Liability Act (35 Stats. at Large, 65, as amended by 36 Stats. at Large, 291), the state laws covering the same field being impliedly superseded by such Act.

Same—Proper Party Plaintiff.
    2.   Under section 9 of the Federal Employer's Liability Act, providing that the right of action given by the Act to one suffering injury shall survive to his or her personal representative for the benefit of certain named beneficiaries, the proper party plaintiff is the personal representative of decedent.

Same—Beneficiaries—Complaint.
    3.   In an action, under the Federal Employer's Liability Act, brought by the personal representative of one injured while employed by a common carrier in interstate commerce, the complaint must allege, and the proof show, that there are in existence persons answering the description of the beneficiaries named in the statute.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by A. B. Melzner, as administrator of John Holm, deceased, against the Northern Pacific Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

*Messrs. Maury, Templeman & Davies,* for Appellant, submitted a brief; *Mr. Davies* argued the cause orally.

The Federal Employer's Liability Act, Chapter 149, 35 Stat. 65, passed on April 22, 1908, was amended on April 5, 1910, Chapter 143, 36 Stat. 291; and among other amendments section 9 was added to the Act. The right of action given by section 9 is a survival action. (*Dillon* v. *Gt. Northern Ry. Co.,* 38 Mont. 485, 100 Pac. 960; *Beeler* v. *Butte & London,* 41 Mont. 465, 110 Pac. 528; *Johnson* v. *Butte & Superior Copper Co.,* 41 Mont. 158, 108 Pac. 1057.) Under survival statutes it is not necessary for plaintiff to allege and prove heirs or next of kin in order to maintain his action. (See cases above cited.)

It is our contention that it was not the intention of Congress to make the existence of some of the class of persons designated in section 9 a condition precedent to the maintaining of an action for death under that section, but by adding to section 9 the following, "for the benefit of the surviving widow, *etc.,*" merely intended to designate a certain class of persons who should have a preference in the order named in the matter of the distribution of the proceeds of a judgment obtained under the section.

Many cases can be found dealing with the question whether or not it is necessary to allege the existence of some of the beneficiaries designated by a statute in order to state a cause of action. Most of those cases are of little or no benefit to the court in considering this statute, since they deal with statutes modeled after what is commonly known as the Lord Campbell's Act, or statutes which create a new cause of action in favor of designated persons the same as section 1 of this Act. Under such statutes, it is of course necessary to allege and prove the existence of the persons designated by the statute because they are the only persons that have any right of action, and the measure of damages wholly depends upon the damages which

the person himself sustained for whose benefit the suit is being prosecuted. However, we desire to call the court's attention to a few cases which we believe will throw some light on the construction generally given by courts to somewhat similar statutes. (*Budd* v. *Meridian Elec. R. Co.*, 69 Conn. 272, 37 Atl. 683; *Searles, Admr.* v. *Kanawha & Q. Ry. Co.*, 32 W. Va. 370, 9 S. E. 248; *Columbus & W. Ry. Co.* v. *Bradford*, 86 Ala. 574, 6 South. 90; *Howard* v. *Delaware & H. Canal Co.*, 40 Fed. 195, 6 L. R. A. 75; *Harper* v. *Norfolk N. W. R. Co.*, 36 Fed. 102; *East Tennessee Tel. Co.* v. *Simms, Admr.*, 99 Ky. 404, 36 S. W. 171; *Free* v. *Southern Ry. Co.*, 78 S. C. 57, 58 S. E. 952.)

Even though the existence of some of the persons designated in section 9 is necessary as a condition precedent to maintain an action, would it be necessary to allege and prove the existence of such persons? We contend that it would not. (1) Because the law would presume the existence of heirs. (*Budd* v. *Meridian Elec. R. Co.*, 69 Conn. 272, 37 Atl. 683, and cases therein cited; *Columbus & W. Ry. Co.* v. *Bradford*, 86 Ala. 574, 6 South. 90.) (2) It is an immaterial matter and of no concern to the defendant which class of persons named in the statute are in existence, as the measure of damages is the same, no matter for whose benefit the suit is being prosecuted. The measure of damages is the damages which the deceased person himself suffered. (*Dillon* v. *Gt. Northern Ry. Co.*, 38 Mont. 485, 100 Pac. 960; *Beeler* v. *Butte & London*, 41 Mont. 465, 110 Pac. 528.) (3) The matter of distribution is a matter primarily for the probate or other court which has jurisdiction over such matters, and which appoints the administrator; any finding of a trial court would not, and necessarily could not, be binding upon the probate court.

The decedent, John Holm, was engaged at the time of his death in both intra and interstate commerce. The plaintiff, therefore, had a right to sue under the laws of this state or under the laws of Congress as he saw fit. This court will take judicial notice of the fact that the Northern Pacific Railway Company is engaged in intrastate business, and the record of this case so shows the defendant engaged in such business. The

complaint, stating a cause of action against the defendant under the laws of Montana, and the plaintiff having a right to elect and to rely upon the laws of the state of Montana for a recovery in this action, the trial court erred in directing a verdict in favor of the defendant. (*Luken* v. *Lake Shore Ry. Co.,* 248 Ill. 377, 140 Am. St. Rep. 220, 21 Ann. Cas. 82, 94 N. E. 175; *Troxell* v. *D. L. & W. R. Co.,* 180 Fed. 871; *Ullrich* v. *New York etc. R. Co.,* 193 Fed. 768.)

*Messrs. Gunn & Rasch,* and *Lamb & Walker,* for Respondent, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

Where the statute confers upon the personal representative of the deceased the right to bring an action for the benefit of the widow and children or next of kin, it is necessary that the declaration or complaint set forth, by proper allegations, that there are persons in existence answering such description and entitled to damages. (*Vander Wegen* v. *Great Northern Ry. Co.,* 114 Minn. 118, 130 N. W. 70; *Webster* v. *Norwegian Min. Co.,* 137 Cal. 399, 92 Am. St. Rep. 181, 70 Pac. 276; 6 Thompson on Negligence, secs. 7114, 7116, 7117; *Chicago B. & Q. Ry. Co.* v. *Van Buskirk,* 58 Neb. 252, 78 N. W. 514; *City of Friend* v. *Burleigh,* 53 Neb. 674, 74 N. W. 50; *In re California Nav. & Imp. Co.,* 110 Fed. 670; 13 Cyc. .341–342.) And where the statute authorizes an action in favor of a designated class of beneficiaries, provided there are none of a certain other designated class of beneficiaries in existence, the failure to aver in the declaration or complaint the nonexistence of any such of the latter class is fatal on demurrer. (*McIntosh* v. *Missouri etc. Ry. Co.,* 103 Mo. 131, 15 S. W. 80; *Serensen* v. *Northern Pac. Ry. Co.* (Mont.), 45 Fed. 407; *Bartlett* v. *C. R. I. & P. Ry. Co.,* 21 Okl. 415, 96 Pac. 468; *Western Union Tel. Co.* v. *McGill,* 57 Fed. 699, 6 C. C. A. 521, 21 L. R. A. 818; *Louisville etc. Ry. Co.* v. *Lohges,* 6 Ind. App. 288, 33 N. E. 449; *Martin* v. *Butte,* 34 Mont. 281, 86 Pac. 264; *Fithian* v. *St. Louis Ry. Co.,* 188 Fed. 824, 13 Cyc. 342.)

To sustain the contention that there was no necessity in the case at bar to allege in the complaint, and prove at the trial,

the existence of beneficiaries entitled to take under the statute, a number of cases are cited by counsel for appellant. An examination of the case so cited will disclose that the rule there laid down is not applicable here, but in each case referred to the statute under which the action was prosecuted and which conferred the right to prosecute the action upon the personal representative of the deceased for the benefit of his estate. The rule applicable in cases of that kind is stated as follows, in 13 Cyc., page 343: "Where action is for benefit of estate: Under statutes giving the right of action for death by wrongful act for the benefit of the estate of the deceased or his heirs, without reference to the existence of widow and children or next of kin, an allegation of the existence of such persons is unnecessary."

The intent of Congress in amending the law as expressed by its amendatory legislation was to enable the surviving beneficiaries not only to recover the damages which they themselves had sustained by reason of the death of the employee, but also the damages for which the deceased might himself have maintained an action had he survived his injuries, and it was not the intent that any others should have a right of recovery. Neither the original Act nor the amendment was intended to benefit creditors of the deceased or any persons other than those specifically enumerated in the statute. (*Fulgham* v. *Midland Valley R. Co.*, 167 Fed. 664; Doherty on Liability of Railroads to Interstate Employees, 240–242; *Bradbury* v. *Chicago R. I. & P. Ry. Co.*, 149 Iowa, 51, 128 N. W. 5; *Zikos* v. *Oregon R. & N. Co.*, 179 Fed. 893; *Fithian* v. *St. Louis etc. Ry. Co.*, 188 Fed. 845.)

The correctness of the views expressed by the courts in the cases cited, and of the author above referred to, was finally established by the court of last resort in the case of *Mondou* v. *New York etc. R. Co.*, 223 U. S. 1, 56 L. Ed. 327, 32 Sup. Ct. Rep. 169.

It is lastly insisted that as the decedent, John Holm, was engaged at the time of his death in both intra and interstate commerce, the plaintiff had a right to sue under the laws of this

state, or under the laws of Congress, as he saw fit, and that as the complaint stated facts sufficient to constitute a cause of action against the defendant under the state laws, the plaintiff had a right to elect and to rely upon the laws of the state of Montana for a recovery in this case. The action is based upon, and the complaint was drawn under, the provision of the Federal Employer's Liability Act. It is alleged that at the time of the accident not only the defendant company and the deceased were engaged in interstate commerce, but the engineer in charge of the work train, which collided with the hand-car on which the decedent was riding, was also employed by the defendant and engaged in such commerce.

An application for the removal of the case to the federal court, on the ground of the diversity of citizenship of the parties plaintiff and defendant, was granted in the court below, but the order of removal was subsequently, on motion of the plaintiff, vacated and set aside on the sole ground that the action was one based upon the Federal Employer's Liability Act, and hence not removable, because of the provisions of section 9 of the Act. The case was tried upon the theory that that Act determined the rights of the parties, and the fact was established and conceded that that part of the road on which the deceased was employed was a part of the main line of defendant company's railroad, extending from the city of St. Paul, Minnesota, to the city of Portland, Oregon. The case, therefore, as made by the pleadings and proof, was one which came squarely within the provisions of the federal statute which are controlling. As was said by the court in the *Mondou Case, supra:* "And now that Congress has acted, the laws of the states, in so far as they cover the same field, are superseded, for necessarily that which is not supreme must yield to that which is." (See, also, *Whittaker* v. *Illinois Central Ry. Co.,* 176 Fed. 130; *Pederson* v. *Delaware Ry. Co.,* 184 Fed. 737; *Cound* v. *Atchison etc. Ry. Co.,* 173 Fed. 527; *Smith* v. *Detroit etc. Ry. Co.,* 175 Fed. 506.)

If it were to be assumed, however, irrespective of the theory on which the case was prosecuted, that, as is contended by counsel for appellant, the deceased was employed and engaged at

the time of the accident both in intra as well as interstate commerce, still it would not avail him to take advantage of the state statutes. In the case of *Colasurdo* v. *Central R. R. Co.*, 180 Fed. 832, it was held that the Federal Employer's Liability Act "included within its scope all persons who could be included within the constitutional power of Congress, and hence included a trackman engaged in the repair of a switch connected with the track used for both intra and interstate commerce." (See, also, *Zikos* v. *Oregon R. & N. Co., supra; Northern Pacific Ry. Co.* v. *State of Washington,* 222 U. S. 370, 56 L. Ed. 237, 32 Sup. Ct. Rep. 160.)

MR CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiff as the administrator of the estate of John Holm, deceased, to recover damages for the death of said Holm caused by a collision of a work train of the defendant with a push-car upon which the deceased and other employees were riding upon the main line of defendant's railway, near Skone station, in Silver Bow county. The complaint alleges that at the time of the collision the defendant, a common carrier by railroad, was engaged in interstate commerce between the states of Minnesota, North Dakota, Montana, Idaho, and Washington, and that the deceased was in its employ in such commerce as a section-hand engaged in making certain repairs on the line of its road. It is alleged, also, that Herbert L. Westcott, the engineer in charge of the engine drawing defendant's train at the time of its collision with the push-car, and the conductor of the train, were employees of the defendant in the conduct of its interstate commerce and were acting within the scope of their employment. There are then set forth in detail the acts of negligence on the part of the defendant and its said employees which caused the collision, the injury, and the subsequent death of the deceased resulting therefrom. The answer tenders issue upon substantially all the material allegations of the complaint.

The cause of action alleged is based upon the provisions of the Act of Congress known as the Federal Employer's Liability Act, approved April 22, 1908 (Act April 22, 1908, Chapter 149, 35 Stat. 65 [U. S. Comp. Stats. Supp. 1911, p. 1322]), as amended by an Act approved April 5, 1910 (Act April 5, 1910, Chapter 143, 36 Stat. 291 [U. S. Comp. Stats. Supp. 1911, p. 1325]). The complaint contains no allegation, nor was any evidence adduced at the trial to show, that the deceased left surviving him anyone falling within the class of persons named in the Act for whose benefit the action provided for therein may be brought. At the close of the evidence, counsel for the defendant moved the court to direct a verdict in its favor, on the ground, among others, that the complaint does not state a cause of action because of its failure to allege the facts referred to above. The court sustained the motion on the ground stated, and directed a verdict and entered judgment accordingly. The appeal is from the judgment. The single question presented for decision is whether the action of the court was correct.

Section 1 of the Act provides: "That every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment." The amendatory Act of April 5, 1910, added to this

Act section 9, as follows: "That any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then to such employee's parents; and, if none, then to the next of kin dependent upon such employee; but in such cases there shall be only one recovery for the same injury."

It may be remarked by way of preface that the right of recovery in this case must be determined by the provisions of the statute quoted, *supra,* for it is distinctly alleged that the deceased, when he received the injury of which he died, was employed by the defendant in interstate commerce.

So long as the Congress did not assume to exercise the power [1] vested in it under the commerce clause of the federal Constitution (Constitution, Art. I, sec. 8, cl. 3), to prescribe the rules by which the relations of employers and employees engaged in interstate commerce are to be regulated and their respective liabilities and rights are to be determined, it was permissible for the states to enact such legislation upon the subject as their respective legislatures deemed proper. (*Sherlock* v. *Alling*, 93 U. S. 99, 23 L. Ed. 819; *Smith* v. *Alabama*, 124 U. S. 465, 31 L. Ed. 508, 8 Sup. Ct. Rep. 564; *Nashville etc. Ry. Co.* v. *Alabama*, 128 U. S. 96, 32 L. Ed. 352, 9 Sup. Ct. Rep. 28; *Reid* v. *Colorado*, 187 U. S. 137, 47 L. Ed. 108, 23 Sup. Ct. Rep. 92; *Employers' Liability Cases*, 223 U. S. 1, 56 L. Ed. 327, 32 Sup. Ct. Rep. 169.) This general statement is subject to the limitation that such legislation must not unreasonably interfere with or impede interstate commerce. (*State* v. *Northern Pac. Ry. Co.*, 36 Mont. 582, 13 Ann. Cas. 144, 15 L. R. A., n. s., 134, 93 Pac. 945; *Cleveland, C., C. & St. L. Ry. Co.* v. *Illinois*, 177 U. S. 514, 44 L. Ed. 868, 20 Sup. Ct. Rep. 722; see, also, cases cited, *supra.*) But, when the Congress has assumed to act, "the laws of the states, in so far as they cover the same field, are superseded—that which is not supreme must yield to that which is." (*Employers' Liability Cases, supra; Gulf, C., C. & S. F. Ry. Co.* v. *Hefley*, 158 U. S. 98, 39 L. Ed. 910, 15 Sup. Ct. Rep. 802; *Northern Pac. Ry. Co.* v.

*Washington*, 222 U. S. 370, 56 L. Ed. 237, 32 Sup. Ct. Rep. 160;
*Southern Ry. Co.* v. *Reid*, 222 U. S. 424, 56 L. Ed. 257, 32 Sup.
Ct. Rep. 140.)     And this is the result whether the federal legis-
lation in terms abrogates that of the state or not.     (*Reid* v. *Col-
orado, supra.*)

When we come to examine the provisions of the federal stat-
ute, we cannot avoid the conclusion that the purpose of the
Congress in enacting it was to comprehend within its provisions
the whole subject of the relations of common carriers and their
employees engaged in interstate commerce.     Section 1 declares
the employer to be liable for the death or injury of any employee
resulting in whole or in part from the negligence of any of its
officers, agents, or other employees, or by reason of any defect
due to the employer's negligence in any of its vehicles or other
appliances.     The right of action is given to the employee, or, in
case of the death of the employee, to his or her representative
for the benefit of the surviving widow or husband and children,
and, if none, of the parents, and, if none, of the next of kin
dependent upon such employee.     Section 2 extends these pro-
visions to the territories and other possessions of the United
States.     The remaining sections declare what defenses are avail-
able to the employer and provide for the survival of the right
of action conferred.     Under the provisions of our state legis-
lation (Rev. Codes, secs. 5251, 5252, 6494), the right of action
accruing to the injured employee survives in case of his death,
and may be prosecuted to judgment by his representative,
whether such employee has commenced action in his lifetime
or not.     (*Dillon* v. *Great Northern Ry. Co.*, 38 Mont. 485, 100
Pac. 960.)     The first section of the federal statute, *supra*, omits
any provision on this subject.     Hence, as the Act stood prior to
the enactment of section 9, it was held, under the common-law
rule, that, upon the death of the injured employee, the right of
action given him died also.     (*Fulgham* v. *Midland Valley R. Co.*
(C. C.), 167 Fed. 660; *Walsh* v. *New York etc. Ry. Co.* (C. C.),
173 Fed. 494.)     On this subject Judge Lowell in the last case
cited said: ''This section does not itself provide what causes of

action survive, but, in the absence of other countervailing statutes, leaves the matter to the common law. In the case at bar, therefore, the state statutes are inapplicable; there is no general federal statute; and the particular statute in question (the Act of 1908) says nothing about survival." Clearly, section 9 was intended to supply this defect and had no other purpose, because it declares that "any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit," *etc.*, naming the beneficiaries mentioned in section 1. It is to be observed that, whether the [2] action is for a recovery for the death of the employee or for injuries sustained by him for which he might have maintained an action, the person who must bring or continue the action is the same, *viz.*, the personal representative. The beneficiaries in each case are the same.

This brings us to the inquiry: When the action is brought by the personal representative, is it necessary to allege in the com- [3] plaint that there are in existence persons answering the description of the beneficiaries named in the statute? This must be so. The action is statutory. Without the statute, the right to bring it would not exist. The representative is vested with the right to bring it, but only for the benefit of those who are named in the statute. He is thereby made a statutory trustee for them, not for the benefit of the decedent's estate. The fund recovered goes to the beneficiaries, not by virtue of the law of succession, but because it is given them by the statute. Therefore, if there is no beneficiary within the description of the statute, there is no right of action; for the liability of the defendant is made contingent upon the existence of one or more beneficiaries. If there are none, there is no liability.

Ordinarily, the presumption may be indulged that every decedent leaves heirs; but, by the very terms of the statute, the heirs or next of kin, other than those who stand in the relation of husband, wife, children, or parents, are not beneficiaries unless they were dependent upon the decedent during his lifetime, and there is no presumption that all or any of the next of kin of a

decedent were so dependent upon him.  The existence of a
beneficiary within the description of the statute is a necessary
prerequisite—an issuable fact—and therefore must be alleged
and proven.  So the authorities generally agree.  (*Webster* v.
*Norwegian Min. Co.*, 137 Cal. 399, 92 Am. St. Rep. 181, 70 Pac.
276; *Citizens' St. Ry. Co.* v. *Cooper*, 22 Ind. App. 459, 72 Am.
St. Rep. 319, 53 N. E. 1092; *City of Friend* v. *Burleigh*, 53 Neb.
674, 74 N. W. 50; *Westcott* v. *Central Vt. R. R. Co.*, 61 Vt. 438,
17 Atl. 745; *Vander Wegen* v. *Gt. Northern Ry. Co.*, 114 Minn.
118, 130 N. W. 70; 13 Cyc. 341, 342; Thompson on Negligence,
sec. 7114.)

In *Martin* v. *City of Butte*, 34 Mont. 281, 86 Pac. 264, the ques-
tion presented was whether, in an action brought by the mother,
under section 578, Code of Civil Procedure 1895 [Rev. Codes,
sec. 6485], which provides: "A father, or in case of his death, or
desertion of his family, the mother, may maintain an action for
the injury or death of a minor child," *etc.*—it is necessary in an
action brought by the mother for her to allege that the father is
dead or has deserted his family.  It was held that it is, under
the provisions of the statute, the right of the mother to maintain
the action being made contingent upon the death of the father
or the desertion of his family.  In principle, this decision is in
point and conclusive, for, if the right of the mother to maintain
the action under that statute is an issuable fact, the right of
the plaintiff to maintain this action is also.

Some contention is made in the brief of counsel for plaintiff
that the plaintiff had his election to bring the action either under
the federal statute or under sections 5251 and 5252 of the Re-
vised Codes, and that, inasmuch as the complaint states a cause
of action under the latter, the district court was in error in
directing a verdict.  It appears, however, that the deceased was
injured while employed by the defendant in interstate com-
merce.  As we have already pointed out above, the Congress hav-
ing assumed by appropriate legislation to cover the whole sub-
ject of the relation of the employer carriers and their employees

while engaged in interstate commerce, the state statutes are no longer applicable.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. Justice Holloway concurs.

Mr. Justice Smith, being absent, did not hear the argument, and takes no part in the foregoing decision.

Rehearing denied November 20, 1912.