# GEORGE MAJAVIS v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 23, 1913.

Nos. 17,990—(98).

**North Dakota statute not unconstitutional.**

1. The North Dakota act of 1907, providing "every common carrier shall be liable to any of its employees, * * * for all damages which may result from the negligence of any of its officers, agents or employees, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, ways or works," is not violative of the fourteenth amendment to the Federal Constitution, or the Constitution of North Dakota, because by its terms it applies to *any* of the employees of the employers within its scope.

**Same.**

2. Said act is not unconstitutional because of reference to "every common carrier," whether the intent of the act is to be construed as limiting it to common carriers by railway or as applying to all common carriers.

**New trial.**

3. There was some evidence to sustain plaintiff's complaint. On the whole case the court was justified in granting a new trial and in denying judgment notwithstanding the verdict.

Action in the district court for St. Louis county to recover $3,000 for personal injury while in defendant's employ. The complainant alleged that the action was brought under sections 7686 to 7691,

1 Reported in 141 N. W. 806.

both inclusive, and of chapter 38, and the Fellow Servant Act of 1907, (c. 203) of the state of North Dakota. The answer denied that the accident was caused through any negligence on defendant's part, or of any of its agents or employees; and alleged that it was caused by plaintiff's own negligence and his violation of the rules of defendant, and that, if there was any negligence on the part of its servants or employees, such negligence was the joint negligence of such employees and plaintiff and the negligence of its servants, if any, was not gross in comparison with the negligence of plaintiff. The reply denied the new matter in the answer. The case was tried before Dibell, J., and a jury which returned a verdict of $221 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict and granting a new trial, it appealed. Affirmed.

*Baldwin & Baldwin*, for appellant.

*Charles V. McCoy* and *Thorwald Hansen*, for respondent.

HALLAM, J.

This action was brought to recover for personal injuries sustained by plaintiff in the state of North Dakota. Plaintiff and several other laborers were in the employ of defendant as section men. On June 3, 1910, while returning on a handcar with their tools and implements from their place of work to Durbin, North Dakota, the handcar was derailed, as it is claimed, by the negligence of a fellow employee, and by reason thereof plaintiff was injured. Plaintiff had a verdict. Defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial. The trial court denied the motion for judgment and granted a new trial. Defendant appeals.

No question of interstate traffic is involved. The question of liability is, therefore, to be determined according to the laws of North Dakota. If the common law is in force there, plaintiff can have no recovery based on the negligence of his fellow servant. There is in evidence a statute of North Dakota (Laws 1907, p. 333, chapter 203). This statute purports to make common carriers liable to their employees for the negligence of fellow servants. Defendant

contends that statute is unconstitutional and void. This is the crucial question in the case. If this statute is void, then, so far as appears, North Dakota has no statute on this subject. There is no presumption that it has any other. There is no presumption that the statute law of that state is the same as ours. Stewart v. Great Northern Ry. Co. 103 Minn. 156, 114 N. W. 953, 123 Am. St. 318.

The important part of this North Dakota statute is as follows: "Every common carrier shall be liable to any of its employees, * * * for all damages which may result from the negligence of any of its officers, agents or employees, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, ways or works."

Defendant's contention is that this statute is in conflict with the fourteenth amendment to the Constitution of the United States, and also with the Constitution of North Dakota.

The fourteenth amendment contains the following:

"No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

Article 1, section 11, Constitution of North Dakota, provides:

"All laws of a general nature shall have a uniform operation."

Article 1, section 20, provides: "Nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens."

These provisions forbid what is commonly known as class legislation. In our opinion the prohibitions of the North Dakota Constitution are not broader than that of the fourteenth amendment to the Federal Constitution.

The grounds of alleged invalidity are more particularly as follows:

It is conceded that the state legislature may prescribe special rules of liability of certain employers to their employees, if the classification for that purpose be based upon just and reasonable principles; but it is contended that the legislature may not arbitrarily select one class whose liability is to be ascertained by rules more stringent than apply to employers generally doing a similar

business; that any classification must be based upon uniformity of hazard; that this act offends against these principles in that by its terms it applies to *"every common carrier"* and to *"any of its employees,"* no distinction being made between those engaged in hazardous duties and those not so engaged.

1. Defendant's contentions are not without authority to sustain them. The United States circuit court of appeals of the Eighth circuit, in 1910, held void a similar act of the state of South Dakota. Chicago, M. & St. P. Ry. Co. v. Westby, 178 Fed. 619, 102 C. C. A. 65. We may take up first the objection to invalidity based upon the application of the act to any of the employees of the employers embraced within its scope. This court years ago held that a "fellow servant act," by its terms applicable to *all* employees of railroads, offends against the fourteenth amendment; that such an act could only embrace within its classifications those employees who are exposed to the peculiar hazards incident to the operation of railroads and whose injuries are the result of such hazards. Lavallee v. St. Paul, M. & M. Ry. Co. 40 Minn. 249, 41 N. W. 974; Johnson v. St. Paul & D. R. Co. 43 Minn. 222, 45 N. W. 156, 8 L.R.A. 419. Other courts have held to a similar rule. Beleal v. Northern P. Ry. Co. 15 N. D. 318, 108 N. W. 33, 11 Ann. Cas. 921.

The principle underlying this line of decisions is clearly stated in Chicago, M. & St. P. Ry. Co. v. Westby, supra. It is there held in substance that, to render any such classification valid, it is essential that there must be such a difference in situation and circumstances as presents a just, natural reason for difference in liability; that no one who is not in such situation and circumstances may be included in the class to be regulated, and that all who are in such situation and circumstances must be brought under the influence of the law and treated by it in the same way as are the members of the class. It is further held in that case that the whole act must stand or fall together; that since the statute includes, in general language, in a single class, those who may and those who may not be separately classified, it cannot be limited by construction to the employees engaged in hazardous and dangerous occupations, who

might have been separately classified, and sustained, but that the whole act must fall.

The United States Supreme Court has, however, recently spoken in two decisions on this subject, and its decision is decisive and final. It overrules on this point all of the cases mentioned, and holds that a classification embracing *all* railroad employees is not void. The first of these decisions is Louisville & Nashville R. Co. v. Melton, 218 U. S. 36, 30 Sup. Ct. 676, 54 L. ed. 921, where the court held constitutional a statute of Indiana which provided: "That every railroad * * * operating in this state shall be liable in damages for personal injury suffered by any employee while in its service, the employee so injured being in the exercise of due care and diligence." Melton, a carpenter, was one of a construction crew usually engaged as a bridge carpenter. At this time the crew was constructing alongside the track the foundation of a coal tipple, at which the engines might coal. Melton was injured by the falling of a bent or frame of timber by reason of the alleged negligence of a fellow servant. Under the rule of the former decisions, above cited, there could have been no recovery, first, because the act made a classification embracing employees not exposed to hazard peculiar to the operation of railroads, and, second, because Melton not being exposed to such peculiar hazard could not have been included in any classification made the basis of special liability. Johnson v. St. Paul & D. R. Co. 43 Minn. 222, 45 N. W. 156, 8 L.R.A. 419; O'Niel v. Great Northern Ry. Co. 80 Minn. 27, 82 N. W. 1086, 51 L.R.A. 532. But in this case the act was held operative and Melton was held entitled to recover. In discussing the validity of the Indiana statute, Chief Justice White [at page 52] said:

"The fourteenth amendment was not intended to and does not strip the states of the power to exert their lawful police authority, * * * the equal protection of the law clause does not restrain the normal exercise of governmental power, but only abuse in the exertion of such authority, therefore that clause is not offended against simply because as the result of the exercise of the power to classify some inequality may be occasioned. That is to say, as the power to classify is not taken away by the operation of the equal protection

of the law clause, a wide scope of legislative discretion may be exerted in classifying without conflicting with the constitutional prohibition * * *.

"The argument is that classification of railroad employees for the purpose of the doctrine of fellow servant can only, consistently with equality and uniformity, embrace such employees when exposed to dangers peculiarly resulting from the operation of a railroad, thus affording ground for distinguishing them for the purpose of classification from co-employees not subject to like hazards or employees engaged in other occupations. * * * The idea evidently intended to be expressed by the argument is, that although, speaking in a general sense, it be true that the hazards arising from the operation of railroads are such that a classification of railroad employees is justified, yet as in operating railroads some employees are subject to risks peculiar to such operation and others to risks which however serious they may be, are not in the proper sense risks arising from the fact that the employees are engaged in railroad work, the legislative authority in classifying may not confound the two by considering in a generic sense the nature and character of the work performed by railroad employees collectively considered, but must consider and separately provide for the distinctions occasioned by the varying nature and character of the duties which railroad operatives may be called upon to discharge, * * * it assumes that, however completely a classification may be justified by general considerations, such classification may not be made, if inequalities be detected as to some persons embraced within the general class. * * * A brief reference to some of the cases dealing with the power of a state to classify will make the error of the contention apparent."

The second was the case of Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. 136, 55 L. ed. 78, 32 L.R.A. (N.S.) 226, Ann. Cas. 1912A, 463. This was an action in tort for the wrongful killing of Ray Hicks, a section foreman in the service of the railroad company. As he stood by the track, a derailment occurred, and a car fell on him and killed him. Section 3559 of the Mississippi code of 1892, being a rescript of section 193 of the

Mississippi Constitution of 1890, abrogated, substantially, the common-law fellow-servant rule as to "every employee of a railroad corporation." It was urged that this legislation is arbitrary and a denial of the equal protection of the law, unless it be limited in its effect to employees imperiled by the hazardous business of operating railroad trains or engines. Lurton, J. [at page 40] said:

"This contention, shortly stated, comes to this: That although a classification of railway employees may be justified from general considerations based upon the hazardous character of the occupation, such classification becomes arbitrary and a denial of the equal protection of the law the moment it is found to embrace employees not exposed to hazards peculiar to railway operations.

"But this court has never so construed the limitation imposed by the fourteenth amendment upon the power of the State to legislate with reference to particular employments as to render ineffectual a general classification resting upon obvious principles of public policy, because it may happen that the classification includes persons not subject to a uniform degree of danger. The insistence, therefore, that legislation in respect of railway employees generally is repugnant to the clause of the Constitution guaranteeing the equal protection of the law merely because it is not limited to those engaged in the actual operation of trains is without merit.

"The intestate of the defendant in error was not engaged in the actual operation of trains. But he was nevertheless engaged in a service which subjected him to dangers from the operation of trains, and brought him plainly within the general legislative purpose. The case in hand illustrates the fact that such employees, though not directly engaged in the management of trains, are nevertheless within the general line of hazard inherent in the railway business."

These decisions settle the proposition that this act is not void because, by its terms, it applies to *any of the employees* of the employers within its scope.

In view of the last paragraph quoted from the opinion in the Turnipseed case and of some of the language of the opinion in the Melton case, it may be open to question whether an act by its terms applicable to *any* employee should be held to apply to those engaged

in clerical or other capacity wholly disconnected with the operative department of the road. But, however that may be, this much is certain: These decisions must be construed as holding that an act containing this general language is a valid act; that it does at least apply to employees of the character of the plaintiff in this action, and that if it does not apply to all employees of every department of the business of the railroad corporation, that fact does not in any sense affect its application to those employees who are the proper subject of such an act.

2. The other objection is that the classification "every common carrier" is an arbitrary and void classification. Of course the term "common carrier" embraces not only railway corporations, but express companies, telegraph and telephone companies, and bus lines as well. Plaintiff contends that this objection may be disposed of on either of two grounds. It is claimed, first, that it is clear from the whole act that it was intended to apply only to employees of carriers by railway; second, that even if it is intended to apply to all common carriers, the classification is nevertheless a valid one and the act is constitutional.

The determination of the meaning of this act is the proper province of the courts of North Dakota. The supreme court of that state has not, so far as we are advised, construed it. There is much reason in the contention that it was intended to apply only to common carriers by railway. The grounds of liability are two: First, "the negligence of any of its officers, agents or employees;" or second, "any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, ways or works." The second plainly applies only to carriers by railway. It is a fair inference that the first was likewise so intended. As so construed the act is clearly valid under the Federal decisions above cited. If it is held to include "every common carrier" without restriction, we are still of the opinion that, under these Federal decisions it is valid, at least so far as concerns employees of the character of the plaintiff in this action. In the Melton case [at page 55] the court, citing the case of Orient Ins. Co. v. Daggs, 172 U. S. 557, 19 Sup. Ct. 281, 43 L. ed. 552, said:

"The legislature of a state has necessarily a wide range of dis-

cretion in distinguishing, selecting and classifying, and it was declared that it was sufficient to satisfy the demand of the Constitution if a classification was practical and not palpably arbitrary."

We are of the opinion that this classification is not "palpably arbitrary," and that it is within the "wide range of discretion" which state legislatures are held to possess.

3. It is urged that there is no evidence of negligence of the fellow-servant and that on this ground the court should have given judgment notwithstanding the verdict. The evidence is unsatisfactory and the case was a proper one for the trial court, in the exercise of discretion, to grant a new trial. This the trial court did. There is no such want of evidence as would warrant judgment notwithstanding the verdict.

Order affirmed.