## JOHNSON v. OCCIDENTAL LIFE INS. CO. OF CALIFORNIA.

### No. 189.

District Court, D. Minnesota, Third Division.

Jan. 20, 1941.

Frank E. McAllister, of St. Paul, Minn., for plaintiff.

G. E. Brammer (of Brammer, Brody, Charlton & Parker), of Des Moines, Iowa, and W. E. Rumble (of Doherty, Rumble, Butler, Sullivan & Mitchell), of St. Paul, Minn., for defendant.

SULLIVAN, District Judge.

I am unable to determine the real claim attempted to be pleaded by the plaintiff. It is not clear whether it is based on fraud or breach of contract, or both. Although great liberality is allowed in pleading under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and it is permissible that a party set forth two or more statements of claim, either alternatively or hypothetically, in one count or in separate counts, Rule 8(e) (2), Federal Rules of Civil Procedure, nevertheless,

simplicity and clarity of pleading were intended to be achieved by the New Rules, Rule 8(a) (1). The causes of action attempted to be pleaded in the complaint in this case are not stated separately, nor are they required to be, under the New Rules. The complaint herein states some allegations usual in complaints based on breach of contract and other allegations usual in actions for fraud and deceit, but a sufficient statement based on either breach of contract or fraud and deceit is not set out. It is the plaintiff's duty to set out in his complaint a statement of his claim, whether the same be based on breach of contract or upon fraud, or, if he relies on both of those grounds, his complaint should state sufficient allegations based on both of said grounds. The grounds upon which he depends to recover should be stated clearly and concisely. Such a statement is necessary, not only in order that the defendants can prepare a proper answer, but also in order that the issues may be properly defined, thereby facilitating future proceedings in this cause.

The motion of the defendants to strike the amended complaint is granted, with leave, however, to the plaintiff to serve a second amended complaint within ten days from the date of the service of this order.

The other parts of the defendants' motion need not be considered.

Dated this 28th day of January, 1941.