695 P.2d 1276

**Richard GILL and Maren Gill, husband and wife, Plaintiffs-Appellants,**

v.

**Morris BROWN, Defendant-Respondent.**

No. 15145.

Court of Appeals of Idaho.

Feb. 8, 1985.

Cumer L. Green and Bradford S. Eidam (argued), Boise, for plaintiffs-appellants.

Wayne E. Davis, Caldwell, for defendant-respondent.

WALTERS, Chief Judge.

Richard and Maren Gill brought suit against Morris Brown, seeking to recover damages sustained when Brown allegedly shot and killed a donkey owned by the Gills. The Gills sought recovery both for property damage and for mental anguish. Before trial, the district court, believing damages for mental anguish to be nonrecoverable, *sua sponte* ordered that claim stricken from the complaint. Following issuance of a certificate of finality, I.R.C.P. 54(b), the Gills appealed. The sole issue is whether the Gills' complaint alleges facts that, if proven, would permit them to recover damages for mental anguish. Because we hold that it does, we reverse the order of the district court.

The measure of damages when personal property is destroyed by the tortious conduct of another is the fair market value of the property at the time of its destruction. *Bratton v. Slininger*, 93 Idaho 248, 460 P.2d 383 (1969); *Skaggs Drug Centers, Inc. v. City of Idaho Falls*, 90 Idaho 1, 407 P.2d 695 (1965). In the case of destroyed animals, the majority of jurisdictions use this measure and specifically deny recovery for mental anguish suffered by the property owner. Annot., 1 A.L.R.3d 997, 1010 (1965). We are not persuaded to depart from this general rule.

However, a claim for damages for emotional distress and mental anguish may be asserted in connection with the independent torts of negligent or intentional infliction of emotional distress. *Hatfield v. Max Rouse & Sons Northwest*, 100 Idaho 840, 606 P.2d 944 (1980). In order for the tort of negligent infliction of emotional distress to lie, the actions of the defendant must have caused some physical injury to the plaintiff which accompanies the emotional distress. *Id.* In this case the Gills have not alleged they suffered any physical injury. Thus their claim cannot be considered as one for recovery of damages for the negligent infliction of emotional distress.

In respect to the tort of intentional infliction of emotional distress, our Supreme Court in *Hatfield* adopted the view expressed in RESTATEMENT (SECOND) TORTS § 46 (1948). That rule provides:

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Under this view, a plaintiff may recover for mental anguish if the defendant's conduct

was "outrageous" and if the mental anguish suffered was "severe". *Hatfield v. Max Rouse & Sons, supra; Rasmuson v. Walker Bank & Trust Company,* 102 Idaho 95, 625 P.2d 1098 (1981). In their complaint, the Gills allege that Brown "negligently and recklessly" shot and killed the donkey, that the donkey was both a pet and a pack animal, and that the loss of the donkey has caused the Gills to suffer "extreme mental anguish and trauma." By alleging that Brown's conduct was reckless and that they thereby suffered extreme mental anguish and trauma, the Gills have alleged facts that, if proven, could permit recovery under an intentional infliction of emotional distress cause of action. Accordingly, we hold the district court erred by striking the Gills' claim for damages caused by mental anguish.

The order of the district court is reversed. The cause is remanded for trial on the merits. No attorney fees on appeal. Costs to appellants, Richard and Maren Gill.

SWANSTROM, J., concurs.

BURNETT, J., concurs in the result.