**William L. FOURNIER, as Trustee for the Heirs and Next of Kin of Kathleen Thoennes/Swanson, Decedent, Plaintiff,**

**v.**

**MARIGOLD FOODS, INC., Defendant.**

**Civ. No. 3–88–2.**

United States District Court,
D. Minnesota,
Third Division.

Feb. 22, 1988.

Michael J. Healey, St. Paul, Minn., for plaintiff.

Jerome B. Pederson and Michael A. Trittipo, Fredrikson & Byron, Minneapolis, Minn., for defendant.

## ORDER DENYING SUMMARY JUDGMENT STRIKING PRAYER FOR PUNITIVE DAMAGES DENYING RULE 11 SANCTIONS

DEVITT, District Judge.

The principal issue here is whether Minnesota's wrongful death statute properly may be invoked in a diversity action brought by the California trustee of a deceased California resident who allegedly consumed death-causing contaminated ice cream in Minnesota manufactured by the Minnesota defendant.

Plaintiff alleges decedent, while visiting St. Paul in 1986 ate contaminated Kemps ice cream, produced by defendant in Minnesota, which caused her death ten days later upon her return to her California home. Defendant moves for summary judgment claiming Minnesota's wrongful death statute does not apply where the death occurred in another state and that California's wrongful death statute is the sole applicable law. Defendant also moves to strike plaintiff's prayer for punitive damages claiming such damages are not available under California law and that, even if Minnesota law applies, punitive damages may only be sought in an amended complaint after a prima facie showing. Both parties also move for Rule 11 sanctions against the other.

Defendant argues that plaintiff's complaint does not state a cause of action upon which relief can be granted because plaintiff asserts his cause of action only under Minnesota's wrongful death statute and that statute does not create a right of action for a death occurring outside of Minnesota. In support of this contention, defendant relies on three Minnesota decisions in which the decedent died in another state and brought action under that state's wrongful death statute: *Negaubauer v. Great N. Ry.*, 92 Minn. 184, 99 N.W. 620 (1904); *Stewart v. Great N. Ry.*, 103 Minn. 156, 114 N.W. 953 (1908); and *Vander*

*Wegen v. Great N. Ry.*, 114 Minn. 118, 130 N.W. 70 (1911).

None of these cases is directly on point. In each of them, the death-producing injury occurred in the foreign state. Here, the cause of death—consuming contaminated ice cream—is alleged to have occurred in Minnesota. Defendant manufactured and distributed the ice cream in Minnesota and it is alleged to have been purchased and consumed here. Though decedent died shortly thereafter in California, it is claimed decedent's death was proximately caused by events occurring wholly within Minnesota through fault of a Minnesota manufacturer. The cases relied upon by defendant are distinguishable from the instant case and are not controlling. No pertinent Minnesota or Eighth Circuit Court of Appeals cases on the issue have been cited. In *dicta*, however, the Court of Appeals for the Eighth Circuit stated that a wrongful death action had properly been brought under the Illinois statute, "the injury causing death having been received" in Illinois. *Chicago R.I. and P. Ry. v. Eddy*, 228 F. 643, 644 (8th Cir.1915). This *dicta* supports plaintiff's view that the Minnesota wrongful death statute should apply to this case.

A plain reading of the Minnesota law appears to support plaintiff's contention that it should govern recovery. The statute provides a cause of action

"[w]hen death is caused by the wrongful act or omission of any person ... if the decedent might have maintained an action ... for an injury caused by the wrongful act or omission." Minn.Stat. § 573.02(1).

It is noteworthy that the statute contains no explicit language of territorial limitation. It does not require that decedent die in Minnesota. The only requirement is that the decedent might have maintained an action for the injury if he or she had lived. In this diversity case, it is not disputed that decedent, had she lived, could have sued defendant in Minnesota to recover her damages.

Defendant cites *Blamey v. Brown*, 270 N.W.2d 884 (Minn.1978) in support of its

contention the wrongful death statute was not intended to have extra-territorial application. In *Blamey v. Brown*, the Minnesota Supreme Court addressed the issue of whether the Minnesota Civil Damages Act was applicable against a Wisconsin bar owner who allegedly sold liquor in Wisconsin. In holding that the statute had no extraterritorial effect, the court stated that the overall statutory scheme of liquor regulations of which the Civil Damages Act was a part, reflected a legislative intent that the Minnesota law was not intended to regulate a Wisconsin bar owner. The Minnesota wrongful death statute is not part of a similar statutory scheme and *Blamey v. Brown* is impersuasive.

■ In my view, plaintiff's allegations under the Minnesota wrongful death statute do state a cause of action upon which relief can be granted. Defendant's motion for summary judgment is DENIED.[1]

■ Plaintiff has pleaded punitive damages in his complaint. As a part of the Tort Reform Act of 1986, the Minnesota legislature enacted § 549.191 prohibiting a prayer for punitive damages in the initial complaint and requiring a prima facie showing to the court as a condition of seeking such damages in an amended complaint. When a United States District Court hears a diversity case, it sits, in effect, as another state trial court and, under *Erie* must require subscription to state statutes if application of a conflicting federal rule would encourage forum-shopping. *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8 (1965). Permitting plaintiff to allege punitive damages in the initial complaint consistent with the federal rule would encourage forum-shopping. Minnesota Statute § 549.191, by prohibiting plaintiff from pleading punitive damages until given

leave of court, creates a preliminary evidentiary burden which plaintiff must meet before he may plead punitive damages. Absent that statute, a claim for punitive damages remains in the pleadings unless and until challenged by defendant, giving plaintiff a tactical advantage in resolving his claims. Presumably, the Minnesota legislature had these concerns in mind when it enacted § 549.191 as part of the Tort Reform Act of 1986. Note, *Introduction to Minnesota's Tort Reform Act*, 13 Wm. Mitchell L.Rev. 277, 295 (1987); Cole, *Tort Reform—Toward Moderation*, 13 Wm. Mitchell L.Rev. 335, 339 (1987). The *.Erie* doctrine requires this court to apply § 549.191 prohibiting pleading punitive damages without leave of court.

Each of the parties has filed a Rule 11 motion for sanctions against the other. It would be supererogatory to discuss their arguments. It is enough to say that there is no merit in either of them. The contentions of plaintiff and defendant have been made after reasonable research and represent a proper exercise of innovative and vigorous advocacy.

In summary, IT IS ORDERED that:

1. Defendant's motion for summary judgment is DENIED.

2. Plaintiff's prayer for punitive damages is STRICKEN, for the nonce.

3. The parties Rule 11 motions are DENIED.

---

**1.** The parties have exchanged arguments in their briefs as to whether this is a "choice of laws" issue. Plaintiff urges that it is and that the balancing considerations enunciated in *Hague v. Allstate Insurance Co.*, 289 N.W.2d 43 (Minn. 1979), when properly applied here, support application of Minnesota statutory law which permits recovery of punitive damages. Defendant disputes this, citing *Blamey v. Brown.* It should

be noted that plaintiff has pled only the Minnesota wrongful death law, making the basic question one of statutory construction of that law. It is questionable, therefore, whether a conflict of laws issue is framed here. If viewed as a conflict issue, the arguments for application of Minnesota law over California law are very persuasive.