Benny J. **WINDSOR**, Plaintiff,

v.

**GUARANTEE TRUST LIFE
INSURANCE CO.,**
Defendant.

**Civil. No. 88–1025.**

United States District Court,
D. Idaho.

May 4, 1988.

Thomas G. Walker, Jr., Twin Falls, Idaho, for plaintiff.

Terry R. McDaniel, Nelson Rosholt Robertson Tolman & Tucker, Boise, Idaho, for defendant.

## MEMORANDUM DECISION

CALLISTER, Chief Judge.

The Court has before it a motion by the defendant Guarantee Trust Life Insurance Co. to dismiss the complaint for lack of subject matter jurisdiction under Fed.R. Civ.P. 12(b)(1). The defendant asserts that the plaintiff Benny J. Windsor has not stated an amount in controversy exceeding $10,000 as required by 28 U.S.C. § 1332(a).

The allegations in the complaint are as follows. The plaintiff obtained insurance from the defendant through a creditor to guaranty a monthly payment to the creditor of $273.85 in the event that the plaintiff became totally disabled. The policy took effect on December 31, 1984, and on April 6, 1987, the plaintiff became totally disabled.

The plaintiff asserts that the defendant, acting with bad faith, malice, oppression, and fraud, failed to make timely payment of two monthly benefits—$70.83 for July of 1987 and $45.64 for November of 1987. The plaintiff asserts that the defendant knew or should have known that the delayed payments would cause him financial and emotional injury.

The complaint reveals that the amount of $73.83 was eventually paid by the insurance company. While the amount of $45.64 had not been paid at the time the complaint was filed, counsel for the plaintiff acknowledged at the hearing that the amount has now been paid. The plaintiff asserts that he is nevertheless entitled to damages for emotional distress and to punitive damages because the delay in payment caused the injury.

The first cause of action is for breach of contract. The plaintiff seeks $100,000 for emotional distress. The second cause of action is for tortious bad faith breach of an insurance contract. The plaintiff again seeks $100,000 for emotional distress plus $100,000 in punitive damages. The third cause of action is for unfair claim settlement practices. The plaintiff again seeks $100,000 for emotional distress and $100,000 for punitive damages.

Initially, during the hearing the defendant asserted and the plaintiff conceded that the third cause of action fails to state a claim upon which relief can be granted. In *White v. Unigard,* 112 Idaho 94, 730 P.2d 1014 (1986), the Idaho Supreme Court held that the Unfair Claim Settlement Practices Act, Idaho Code § 41–1329 (1977), does not give the insured a private right of action against the insurer. Therefore, the third cause of action will be dismissed.

The remaining issues deal entirely with whether the plaintiff has alleged a sufficient amount in controversy for jurisdiction to obtain in federal court. The long established rule for determining federal jurisdiction was stated by the Supreme Court in *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938):

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith ... But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed ... the suit will be dismissed.

Accordingly, failure to properly allege a sufficient jurisdictional amount renders the complaint defective. However, "[d]efective allegations of jurisdiction may be amended ... in the trial or appellate courts." 28 U.S.C. § 1653; *Schlesinger v. Council-*

*man*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed. 2d 591 (1975). Moreover, if actual damages are less than the jurisdictional amount but, when combined with punitive damages, the total amount is greater than the jurisdictional amount, federal jurisdiction exists. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785 (9th Cir. 1963).

■ In his first cause of action, the plaintiff alleges a breach of contract. His prayer for relief includes emotional distress but not punitive damages. In *Brown v. Fritz*, 108 Idaho 357, 699 P.2d 1371, 1377 (1985), the Idaho Supreme Court held

> that in Idaho, when damages are sought for breach of a contractual relationship, there can be no recovery for emotional distress suffered by a plaintiff. If the conduct of a defendant has been sufficiently outrageous, we view the proper remedy to be in the realm of punitive damages.

Thus, the first cause of action fails to state a proper jurisdictional amount and must be dismissed.

Although the defendant attempts to categorize the second cause of action as another breach of contract action, it is in fact a tort action. In *White v. Unigard*, 730 P.2d at 1020, the Idaho Supreme Court held "that there exists a common law tort action, distinct from an action on the contract, for an insurer's bad faith in settling the first party claims of its insured." The plaintiff can, therefore, recover damages normally recoverable in a tort case.

■ Idaho case law recognizes two separate types of emotional distress claims— negligent and intentional infliction of emotional distress. The Idaho Court of Appeals has stated that "[i]n order for the tort of negligent infliction of emotional distress to lie, the actions of the defendant must have caused some physical injury to the plaintiff which accompanies the emotional distress." *Gill v. Brown*, 107 Idaho 1137, 695 P.2d 1276, 1277 (Ct.App. 1985) citing *Hatfield v. Max Rouse & Sons Northwest*, 100 Idaho 840, 606 P.2d 944

(1980). As in *Gill*, the plaintiff here has not alleged any physical injury and hence fails to state a claim in excess of $10,000 to a legal certainty.

"An action for intentional infliction of emotional distress will lie only where there is extreme and outrageous conduct coupled with severe emotional distress." *Davis v. Gage*, 106 Idaho 735, 682 P.2d 1282, 1288 (1984) citing *Hatfield*, 606 P.2d at 944. Under the view stated in comment j of RESTATEMENT (SECOND) OF TORTS § 46 (1965), as adopted by the court in *Davis*, "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it."

In *Davis*, there was some evidence that the plaintiffs suffered ulcers. Their "subjective testimony ... indicated that they were upset, embarrassed, angered, bothered and depressed." 682 P.2d at 1288. Based on that proof, the Supreme Court ruled:

> The required severity is not borne out by the record. There is no competent evidence to show that the Davises incurred any physical damage or were hampered in the performance of their daily functions, nor did they demonstrate that they suffered a severely disabling emotional response to the Gages' conduct. *Venerias v. Johnson*, [127 Ariz. 496, 622 P.2d 55, 58 (Ariz.App. 1980) ]. Therefore, we hold, as a matter of law, that the Davises did not suffer the severe emotional distress required to warrant recovery of damages.

■ In this case, neither the complaint nor the plaintiff's affidavit in support of the jurisdictional amount reveal emotional distress to the extent of that exhibited by the plaintiffs in *Davis*. At most, the plaintiff here suffered sleeplessness, anxiety, and "great concern." The Court therefore rules that as a legal certainty the claim for intentional infliction of emotional distress does not exceed $10,000.

The remaining issue is whether the plaintiff's claim for punitive damages places the amount in controversy over the jurisdictional amount. This issue raises a unique

question of the interplay between a new Idaho statute and the pleading rules under the Federal Rules of Civil Procedure.

Idaho Code § 6–1604 is part of Idaho's tort reform scheme passed by the state legislature in 1987. Subsection (1) essentially codifies the pre-existing punitive damages caselaw. It provides:

In any action seeking recovery of punitive damages, the claimant must prove, by a preponderance of the evidence, oppressive, fraudulent, wanton, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted.

Subsection (2), however, adds a new dimension to the law. It provides:

In all civil actions in which punitive damages are permitted, no claim for damages shall be filed containing a prayer for relief seeking punitive damages. However, a party may, pursuant to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the pleadings if the moving party establishes at such hearing a reasonable likelihood of proving the facts at trial sufficient to support award of punitive damages.

The defendant asserts that § 6–1604(2) is substantive law and that the plaintiff cannot bring a claim for punitive damages without an evidentiary hearing to establish a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages. The defendant then asserts that the underlying claim of $45.64 must stand on its own, without the addition of punitive damages, for purposes of establishing the jurisdictional limit. The limit, therefore, cannot be met.

Plaintiff responds that § 6–1604(2) is procedural in nature, not substantive, and cannot act as a bar to federal jurisdiction. He contends that the jurisdictional amount must be determined from the plaintiff's viewpoint, and that the plaintiff's good faith allegations of the amount in controversy, as supported by his affidavit, should be controlling. During the hearing, counsel for the plaintiff suggested that the course of proceeding should be to allow the complaint to come in without punitive damages being pled, hold a hearing on punitive damages, and then dismiss the case if the plaintiff has not made the proper showing.

■ After careful review of the applicable authorities, the Court holds that § 6–1604(2) is substantive in nature and therefore controlling in federal court in a diversity case. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York,* 326 U.S. 99 (1945); *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Several reasons exist for this conclusion. First, unlike the situations in *York* and *Hanna,* the substantive law here does not directly conflict with the federal rule. Underscoring that conclusion is the fact that in a case where the claim underlying the claim for punitive damages exceeds $10,-000, the statute can be applied without any conflict whatsoever. Second, the statute requires the plaintiff to meet an additional burden of proof directly affecting the outcome of the case. *Id.; In re Merrill Lynch Relocation Management, Inc.,* 812 F.2d 1116, 1120 (9th Cir.1987). A problem only arises when, as in this case, the underlying claim is insufficient to support federal jurisdiction standing alone. But the problem is so easily resolved that the Court need not recharacterize § 6–1604(2) as procedural simply for cases like this one.

■ As stated above, plaintiff's good faith allegations of the proper jurisdictional amount are controlling unless it appears to a legal certainty that the plaintiff cannot recover the amount alleged. *St. Paul,* 303 U.S. at 288, 58 S.Ct. at 590. If a complaint is filed and the jurisdictional amount in controversy is insufficient to support federal jurisdiction, one of three things can occur. First, the defendant can file a motion to dismiss and the plaintiff can respond with a motion to amend the complaint to include punitive damages. Second, the plaintiff can file a motion to amend contemporaneously with his complaint and a hearing can be held. Third, the Court could determine from the face of the pleadings

and any supporting affidavits that the jurisdictional amount cannot be met, as a legal certainty, even if punitive damages were to be included in the ultimate recovery.

■ In this case the Court could take the first option by striking the prayer for punitive damages in the complaint, allowing the plaintiff to move to amend, and ordering that a hearing be set. However, the Court believes that such action is not necessary in this case. The Court can find no indication in the complaint or in the plaintiff's affidavit supporting the jurisdictional amount that the defendant's actions were oppressive, fraudulent, wanton, malicious or outrageous. From the facts alleged in the complaint and presented in the affidavit, the plaintiff could at most have stated a case of oppression or malice, which if proven the Court would not allow punitive damages in excess of $10,000. The actions and the harm were simply not serious enough to support such a large award. In a case of similar magnitude, the Ninth Circuit stated: "A federal court should not and cannot adjudicate such minor claims." *Christensen v. Northwest Airlines, Inc.,* 633 F.2d 529, 531 (9th Cir.1980). Accordingly, the Court finds with legal certainty that the jurisdictional amount has not been met.

### ORDER

The Court has before it a motion by the defendant Guarantee Trust Life Insurance Co. to dismiss the complaint for lack of subject matter jurisdiction under Fed.R. Civ.P. 12(b)(1). In accordance with the views expressed in the memorandum decision accompanying this order,

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to dismiss be, and the same is hereby, GRANTED.