**David M. KUEHN, individually and as trustee for the heirs and next of kin of Seth Allan Kuehn, decedent; and Peggy J. Kuehn, individually, Plaintiffs,**

v.

**SHELCORE, INC. and Sears, Roebuck & Company, Defendants.**

**No. Civ. 3–87–830.**

United States District Court,
D. Minnesota,
Third Division.

June 10, 1988.

Corey L. Gordon, Robins, Zelle, Larson & Kaplan, St. Paul, Minn., for plaintiffs.

Maureen A. Mulligan, Jardine, Logan & O'Brien, St. Paul, Minn., for defendants.

## ORDER

DEVITT, District Judge.

Plaintiff, as trustee, brought this wrongful death action for compensatory and punitive damages resulting from his son's death. Defendants move to strike plaintiff's claim for punitive damages. At issue is whether the court, in this diversity ac-

tion, must apply Minnesota Statute § 549.191 prohibiting pleading punitive damages without leave of court.[1]

The question of whether to apply state law in a diversity action arises in one of two contexts, each with its own line of analysis. Where the state provision directly collides with the plain meaning of a Federal Rule of Civil Procedure, the court analyzes whether the Federal Rule is authorized by the Rules Enabling Act, 28 U.S.C. § 2072, and whether it violates any constitutional principles. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–50, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980); *Hanna v. Plumer*, 380 U.S. 460, 469–71, 85 S.Ct. 1136, 1143–44, 14 L.Ed.2d 8 (1965). Where, however, there is no Federal Rule on point, the court applies the *Erie* analysis. *Walker*, 466 U.S. at 752–53, 100 S.Ct. at 1986; *Hanna*, 380 U.S. at 470, 85 S.Ct. at 1143. The preliminary question becomes whether there is a Federal Rule on point which directly conflicts with the state provision. *Walker*, 466 U.S. at 749–50, 100 S.Ct. at 1985.

■ There is no Federal Rule which directly conflicts with Minnesota Statutes § 549.191. That section prohibits a party from pleading punitive damages until the court determines, following a hearing on a motion to amend the pleadings, that the moving party's affidavits present prima facie evidence of entitlement to punitive damages under one of the bases provided by § 549.20. Plaintiff argues that Federal Rule of Civil Procedure 8 directly conflicts with § 549.191. The court does not agree. Federal Rule 8 is a general pleading rule; its only *potential* conflict with § 549.191 is that it does not prohibit pleading punitive damages without leave of court. Federal Rule 8 does *not*, however, directly conflict with § 549.191. Both can be given simultaneous effect. Federal Rule 8 is concerned with simplifying pleading requirements; *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 390 (8th Cir. 1968); *Johnson v. Occidental Life Ins. Co.*,

1 F.R.D. 554, 555 (D.Minn.1941); § 549.191, however, is aimed at deterring past abusive pleading practices regarding punitive damages in order to address a perceived insurance crisis. Note, *Introduction to Minnesota's Tort Reform Act*, 13 Wm. Mitchell L.Rev. 277, 294–95 (1987); Cole, *Tort Reform—Toward Moderation*, 13 Wm. Mitchell L.Rev. 335, 339 (1987). The policies of § 549.191 make it "an 'integral' part" of the Tort Reform Act and Rule 8 "does not replace such policy determinations". The two can peacefully co-exist, "each controlling its own intended sphere of coverage without conflict." *Walker*, 466 U.S. at 752, 100 S.Ct. at 1986. This is evident from the fact that there has been no change in Minnesota Rule of Federal Procedure 8 since passage of § 549.191. Minnesota Rule 8 is virtually identical to Federal Rule 8. "Just as [§ 549.191] and [Minnesota Rule 8] can both apply in state court for their separate purposes, so too [§ 549.191] and [Federal Rule 8] may both apply in federal court in a diversity action." *Walker* at 752 n. 13, 100 S.Ct. at 1986 n. 13.

■ There being no direct conflict between Federal Rule 8 and § 549.191, the court applies the *Erie* doctrine analysis. *Walker* at 752–53, 100 S.Ct. at 1986. That analysis does not consist of a mere mechanical determination whether the state provision is "procedural" or "substantive" since even a so-called procedural provision can have such a substantial effect on the litigation as to require its application under *Erie*. *See, e.g. Id.; Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The *Erie* analysis has evolved into a broader inquiry which, applied to this case, can be stated as follows: whether the variation between litigation *with* § 549.191 enforced and *without* § 549.191 enforced is substantial enough to raise equal protection problems or influence the choice of forum.

1. Defendants also have moved to dismiss the parents as individual plaintiffs, leaving the father as trustee for decedent's heirs as sole plaintiff. This issue has become moot because plaintiffs have agreed to dismiss the parents as individuals.

*Walker,* 446 U.S. at 753, 100 S.Ct. at 1986; *Hanna,* 380 U.S. at 468, 85 S.Ct. at 1142.

The variation need not mean the difference between full recovery and no recovery in order to be considered substantial under *Erie.* In *Cohen,* the Supreme Court found substantial the application of a state statute requiring plaintiffs in stockholders' derivative suits to file a security bond to cover defense fees in case the suit fails. The Court later cited *Cohen* for the proposition that even non-dispositive variations can influence forum choice. *Hanna,* 380 U.S. at 469 n. 10, 85 S.Ct. at 1143 n. 10.

Applying the *Erie* analysis to this case, the court finds enforcement of § 549.191 would influence the choice of forum. That provision keeps a claim for punitive damages out of the case unless and until plaintiff can make a prima facie showing under § 549.20. When faced with the choice between a forum which applies § 549.191 and one which does not, a party might well choose the latter because it provides a tactical, though non-dispositive, advantage. In the court's view, this variation is substantial enough to influence forum choice and, under *Erie,* must be eliminated by applying § 549.191 in this federal diversity action. *Fournier v. Marigold Foods, Inc.,* 678 F.Supp. 1420 (D.Minn.1988); *Windsor v. Guarantee Trust Life Ins. Co.,* 684 F.Supp. 630, 633 (D.Idaho 1988) (court held virtually identical statute not in direct conflict with Federal Rule and, under *Erie,* applicable in federal diversity action). *But see Jacobs v. Pickands Mather & Co.,* Civ. No. 5–87–49 (D.Minn. August 24, 1987).

Plaintiff's reliance upon *Hughes v. Mayo Clinic,* 834 F.2d 713 (8th Cir.1987) is misplaced. *Hughes* dealt with a direct conflict between a Federal Rule and a state provision. *Id.* at 715–16. As stated above, there is no direct conflict in this case. The analytical dichotomy between direct conflict cases and cases like this makes *Hughes* non-controlling.

Nor is the court convinced by plaintiff's argument that its holding may deny equal protection to litigants who are unable to satisfy the jurisdictional amount absent a claim for punitive damages. In such a case, a motion to dismiss could be met by crossmotion to amend the pleading to include punitive damages. *Cf. Windsor,* 684 F.Supp. 630, 633.

Expedited appeal pursuant to 28 U.S.C. § 1292(b) is unwarranted since plaintiff may move to amend the complaint to plead punitive damages pursuant to § 549.191.

Defendants' motion to strike plaintiff's prayer for punitive damages is GRANTED.