Peter RAYE and Gladys Stanley, individually and on behalf of all others similarly situated, Plaintiffs,

v.

MEDTRONIC CORPORATION, A, B, C individually, and X, Y, Z as business entities, Defendants.

Civ. No. 6–88–439.

United States District Court,
D. Minnesota,
Sixth Division.

Oct. 19, 1988.

John A. Cochrane, Stewart Loper, Cochrane & Bresnahan, St. Paul, Minn., for plaintiffs.

G. Alan Cunningham, Paula Tamar Weseman, Faegre & Benson, Minneapolis, Minn., for defendants.

## ORDER

DEVITT, District Judge.

Defendant Medtronic Corporation moves for dismissal of three counts of plaintiffs' complaint and for a ruling that, as a matter of law, plaintiffs cannot maintain this action as a class action. Oral argument was heard on September 26, 1988, and the parties were given time to submit additional memoranda of law on the issue of certification of the purported class. Based upon all the submitted memoranda and all records, files and proceedings herein, the court finds that defendant's motion should be granted in part and denied in part.

### Background

Plaintiffs Peter Raye and Gladys Stanley bring suit against defendant Medtronic Corporation and unknown defendants A, B, C and X, Y, Z on behalf of themselves and all others similarly situated. Plaintiffs claim that Medtronic's product, Model 6972 bipolar leads for pacemakers, caused them injury and seek recovery under a variety of theories.

### Discussion

A. RICO Claims

Plaintiff alleges in Count VII of the complaint violations of 18 U.S.C. §§ 1962(a)–1962(d). Defendant argues that this count

must be dismissed because: 1) plaintiffs have not alleged injury to "business or property" and thus, have not alleged an injury cognizable under the statute; 2) plaintiffs have failed to allege a pattern of racketeering activity; 3) plaintiffs have failed to allege racketeering activity; 4) plaintiffs have not identified distinct "persons" and "enterprises" as required by the statute; 5) plaintiffs have failed to allege the requisite control or participation by the RICO person in the RICO enterprise; and, 6) plaintiffs fail to allege the essential elements of a RICO conspiracy.

■ Defendant's first argument, that plaintiffs have not met the threshold requirement for a claim under RICO of an injury to "business or property" is persuasive. Federal courts have uniformly held that the "business or property" language of 18 U.S.C. § 1964 precludes personal injury and wrongful death actions from the ambit of the RICO act. *Grogan v. Platt*, 835 F.2d 844, 846–848 (11th Cir. 1988); *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 644 (6th Cir.1986). In our own district, Judge Rosenbaum has held in a similar case that personal injury claims are excluded by § 1964. *Munson v. Eli Lilly & Co.*, No. 4–86–607, LEXIS slip op. at 7 (D.Minn. Nov. 25, 1987) [available on WESTLAW, 1987 WL 20383 at 3].

The finding that plaintiff has failed to allege an injury for which RICO provides a remedy requires dismissal of count VII and makes it unnecessary for the court to reach the other questions raised by defendant with respect to this count.

### B. Food, Drug and Cosmetic Act Claims

■ Plaintiffs seek recovery in Count IV for violations of the Food, Drug and Cosmetic Act. 21 U.S.C. § 301, *et seq.* Defendant argues that because any proceedings under the Act must be "by and in the name of the United States," no private right of action can arise from the Act. See 21 U.S.C. § 337. Plaintiff also argues that federal courts, including courts from this district, have adopted the position that the Food, Drug and Cosmetic Act does not create a private cause of action. See, e.g., *Munson v. Eli Lilly & Co.*, LEXIS slip op. at 8 [available on WESTLAW, 1987 WL 20383 at 3]; *Nat'l. Women's Health Network, Inc., v. A.H. Robins Co., Inc.*, 545 F.Supp. 1177 (D.Mass.1982); *Keil v. Eli Lilly & Co.*, 490 F.Supp. 479 (E.D.Mich. 1980); *Gelley v. Astra Pharmaceutical Products, Inc.*, 466 F.Supp. 182, 186 (D.Minn.) *aff'd*, 610 F.2d 558 (8th Cir.1979).

Plaintiffs argue in response that Count IV advances state tort claims which rest upon defendant's failure to comply with federal law. A similar claim raised in *Astra* was rejected on the ground that the Food, Drug and Cosmetic Act's aim was to protect the public in general rather than to create a protected class. *Astra*, 610 F.2d at 562. Consequently, this count is dismissed.

### C. Punitive Damages Claims

Defendant argues that plaintiffs' claims for punitive damages must be stricken from the complaint due to plaintiffs' failure to comply with Minn.Stat. § 549.191. This section provides that punitive damages may be alleged only after a hearing is held and permission to amend the complaint has been granted by the court. This court ruled in *Kuehn v. Shelcore, Inc.*, 686 F.Supp. 233 (D.Minn.1988) that this statute applies to diversity cases in this district to which Minnesota law applies.

■ However, as pointed out by plaintiff's counsel at oral argument, the complaint does not request punitive damages but only reserves plaintiffs' rights under Minn.Stat. 549.20 to later move the court for permission to amend the complaint for an award of punitive damages. Nothing in *Kuehn v. Shelcore*, 686 F.Supp. 233 (D.Minn.1988), suggests such a reservation is inappropriate and the motion to strike is denied.

### D. Maintenance of a Class Action

With respect to the issue of whether a class should be certified in this case, defendant argues that the nature of this case, a products liability action for a medical

device, makes class certification inappropriate. Defendant argues that no common questions of law or fact can predominate in a case involving an allegedly defective medical device. *In re N. Dist. of Cal. Dalkon Shield Prod. Liab. Litig.*, 693 F.2d 847, 854–56 (9th Cir.1982); *Rose v. Medtronics, Inc.*, 107 Cal.App.3d 150, 166 Cal. Rptr. 16, 19 (1980); *Mertens v. Abbott Laboratories*, 99 F.R.D. 38, 41–42 (D.N.H. 1983). Defendant also argues that other federal courts which have faced the issue of class certification in cases involving the specific device in contention here have refused to certify the purported class actions. *Linkous v. Medtronic, Inc.*, slip op. No. 84–1909 (E.D.Pa. Sept. 4, 1985) [available on WESTLAW, 1985 WL 2602]; *Rall v. Medtronic*, slip op. No. C.V.S. 84–741–LDG (D.Nev. Oct. 18, 1986).

Plaintiffs argue in response that because class actions have been certified in some "mass tort" actions, the court should not rule as a matter of law that certification is inappropriate but rather should allow discovery to proceed to determine whether certification is appropriate in this action. Plaintiffs point to several cases involving personal injuries in a "mass tort" setting in which a class was certified. See, e.g., *In re Federal Skywalk Cases*, 95 F.R.D. 483 (W.D.Mo.1982); *In re "Agent Orange" Product Liability Litig.*, 506 F.Supp. 762 (E.D.N.Y.1980).

■ This case is very similar to the cases cited by defendant in which courts refused to certify classes in actions alleging defective medical products. In those cases and in this case, there simply are not enough common questions of law or fact to justify use of the class mechanism. Issues which would need to be separately litigated with respect to each member of the suggested class include: causation, liability, and damages. The fact that the class would include members from many states would further frustrate the economy of the class form because of the varying standards from state to state for strict liability, negligence and breach of warranty actions, all of which are asserted by plaintiffs. Furthermore, statute of limitations defenses which the defendant may seek to assert would also vary. Certification of the suggested class would not create economy for the parties or the court because the class action would certainly "degenerate in practice into multiple lawsuits separately tried." Fed.R.Civ.P. 23(b)(3) Advisory Committee's Note (1966 amend.). Consequently, defendant's motion is granted with respect to the purported class.

Accordingly, the court finds that this action may not be maintained as a class action and IT IS ORDERED that Counts IV and VII are DISMISSED.