**ZEELAN INDUSTRIES, INC., a Minnesota corporation, Plaintiff,**

v.

**H. Jan DE ZEEUW a/k/a Jan de Zeeuw a/k/a Hotze Jan de Zeeuw, Defendant.**

**No. Civ. 4–88–736.**

United States District Court, D. Minnesota, Fourth Division.

March 6, 1989.

---

Gerald L. Svoboda, Kyle E. Hart, Fabyanske, Svoboda, Westra & Davis, St. Paul, Minn., for plaintiff.

Robert S. Brill, Jacobson, Stromme & Harwood, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion to strike plaintiff's claim for punitive damages. Defendant's motion will be granted.

## FACTS

Plaintiff Zeelan Industries, Inc. (Zeelan) is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Defendant H. Jan de Zeeuw (de Zeeuw) is an individual presently residing in the State of Massachusetts. On or about July 20, 1978 Zeelan's predecessor company, Cenosphere Industries, Inc. (Cenosphere),[1] entered into an agreement with de Zeeuw by which de Zeeuw assigned to Cenosphere his interest in a pending patent application for an invention embracing an apparatus and method for particle separation and grading. Complaint par. 4. In exchange for the assignment, Zeelan (Cenosphere) paid de Zeeuw $10,000, advanced him $15,000 against future royalties, agreed to pay him future royalties and a license fee, and retained him to perform certain other services relating to designing, constructing and operating the invention. Complaint par. 6. The original agreement between the parties was amended on October 15, 1979 and again on December 16, 1980. De Zeeuw ceased participating in Zeelan's operation in 1982.

On August 23, 1988 plaintiff Zeelan initiated this lawsuit. Zeelan invoked the Court's subject matter jurisdiction pursuant to the diversity provisions of 28 U.S.C. § 1332. In its complaint, Zeelan alleges that de Zeeuw made numerous fraudulent misrepresentations regarding his invention upon which Zeelan relied in entering into the original and amended agreements. Zeelan seeks rescission of the parties' agreements and damages. In paragraph 13 of its complaint, Zeelan alleges:

Because de Zeeuw's fraudulent conduct in knowingly making [false] misrepresentations to Zeelan was willful, Zeelan is also entitled to punitive damages from de Zeeuw in excess of $50,000.

Complaint par. 13. In both his answer and his amended answer and counterclaim, defendant de Zeeuw denied the allegations of paragraph 13 of plaintiff's complaint and contested the availability of punitive damages. Answer par. 4; Amended Answer and Counterclaim par. 5.

1. On January 15, 1979 Cenosphere Industries, Inc. changed its name to Zeelan Industries, Inc.

Defendant de Zeeuw now moves the Court to strike paragraph 13 of plaintiff Zeelan's complaint. De Zeeuw bases his motion on Minn.Stat. § 549.191 which provides:

> Upon commencement of a civil action, the complaint must not seek punitive damages. After filing the suit a party may make a motion to amend the pleadings to claim punitive damages. The motion must allege the applicable legal basis ... for awarding punitive damages in the action and must be accompanied by one or more affidavits showing the factual basis for the claim. At the hearing on the motion, if the court finds prima facie evidence in support of the motion, the court shall grant the moving party permission to amend the pleadings to claim punitive damages....

De Zeeuw contends plaintiff Zeelan improperly alleged a claim for punitive damages in its complaint, and accordingly requests that the Court strike Zeelan's punitive damage allegation.

## DISCUSSION

Defendant de Zeeuw moves the Court to strike plaintiff Zeelan's punitive damage claim pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

In this case, de Zeeuw did not bring his motion to strike prior to filing a responsive pleading; defendant's motion therefore is untimely. The United States Court of Appeals for the Eighth Circuit has held, however, that even if a party's motion to strike is not made within the time limits established by Fed.R.Civ.P. 12(f), a district court has authority to consider the motion because a court may strike material from the pleadings on its own initiative. *Lunsford*

*v. United States,* 570 F.2d 221, 227 n. 11 (8th Cir.1977).

Defendant asks the Court to strike plaintiff's claim for punitive damages. Defendant argues that under Minn.Stat. § 549.191, plaintiff is precluded from stating a claim for punitive damages in an original complaint. Defendant contends that plaintiff can only amend its complaint to add a claim for punitive damages, and such an amendment must be approved by the Court upon a showing by plaintiff that punitive damages are available.

Plaintiff Zeelan argues that Minn.Stat. § 549.191 is merely a state procedural rule which is not applicable in federal court. Plaintiff contends that Fed.R.Civ.P. 8 controls the content of pleadings, and states that because Rule 8 does not prohibit pleading punitive damages without leave of court, plaintiff's punitive damage claim is properly stated. Plaintiff thus opposes defendant's motion to strike.

The issue of whether Minn.Stat. § 549.191 applies in federal court proceedings based on diversity of citizenship has been considered by other courts in the District of Minnesota with differing results. In *Jacobs v. Pickands Mather & Co.,* CIV. 5–87–49 (D.Minn. Aug. 24, 1987) [1987 WL 47387] (Donald D. Alsop, C.J.) [1987 U.S. Dist. LEXIS 13673], the court denied the motion of defendant to dismiss plaintiff's punitive damage claim under Minn.Stat. § 549.191. The court held that although *Erie* requires federal courts exercising diversity jurisdiction to apply the applicable state "substantive" law, the provisions of Minn.Stat. § 549.191 are procedural and not substantive in nature, do not affect the ultimate outcome of plaintiff's claim for punitive damages, and accordingly need not be applied by a federal court sitting in diversity. *Jacobs,* [1987 WL 47387] 1987 U.S.Dist. LEXIS 13673.

Conversely, in *Kuehn v. Shelcore, Inc.,* 686 F.Supp. 233 (D.Minn.1988) (J. Edward Devitt, J.), the court granted the motion of defendants to strike plaintiffs' claim for punitive damages under Minn.Stat. § 549.191. In *Shelcore,* the court held that no direct conflict exists between Federal

Rule of Civil Procedure 8 and Minn.Stat. § 549.191 requiring application of the federal rule. The court went on to hold that enforcement of section 549.191 (or more precisely the lack of enforcement) would influence the choice of forum. The court noted:

> When faced with the choice between a forum which applies § 549.191 and one which does not, a party might well choose the latter because it provides a tactical, though non-dispositive, advantage. In the court's view, this variation is substantial enough to influence forum choice and, under *Erie*, must be eliminated by applying § 549.191 in this federal diversity action.

*Shelcore*, 686 F.Supp. at 235. Accordingly, the court held pursuant to Minn.Stat. § 549.191 that a party proceeding in federal court in a diversity action is prohibited from pleading punitive damages until the court determines, following a hearing on a motion to amend the pleadings, that the moving party's affidavits present prima facie evidence that the party is entitled to punitive damages under Minnesota state law. *Shelcore*, 686 F.Supp. at 234–35. *See also Stock v. Heiner*, 696 F.Supp. 1253, 1263 (D.Minn.1988) (J. Edward Devitt, J.); *Fournier v. Marigold Foods, Inc.*, 678 F.Supp. 1420 (D.Minn.1988) (J. Edward Devitt, J.).

■ After careful consideration, the Court has concluded that plaintiff's claim for punitive damages should be stricken. In the absence of a conflicting Federal Rule, federal courts must apply state law where failure to do so would lead to forum shopping or the inequitable administration of the law. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 747, 100 S.Ct. 1978, 1983, 64 L.Ed.2d 659 (1980). The Court finds that the failure of courts to apply Minn.Stat.

§ 549.191 in federal diversity actions has the potential to significantly influence choice of forum.

Pursuant to Minn.Stat. § 549.191, a plaintiff seeking to assert a claim for punitive damages must make a prima facie showing that plaintiff is entitled to punitive damages under Minn.Stat. § 549.20.[2] Thus, if a court applies Minn.Stat. § 549.191, a plaintiff seeking punitive damages would face the affirmative evidentiary burden of establishing a factual basis for a claim for punitive damages. *See* Minn. Stat. § 549.191 (motion to amend complaint to add claim for punitive damages must be accompanied by one or more affidavits showing the factual basis for the claim); *see also Fournier*, 678 F.Supp. at 1422. On the other hand, if Minn.Stat. § 549.191 was not applied, a plaintiff could assert an unsubstantiated claim for punitive damages.[3] The Court finds that if Minn.Stat. § 549.191 is not applied in federal courts, a plaintiff might well be influenced to choose a federal forum based on plaintiff's ability to brandish a claim for punitive damages as a tool for promoting an advantageous settlement or otherwise advancing his claims. The fact that this variation between state and federal practice is likely to influence choice of forum is sufficient reason under the principles of *Erie* to apply the state law in federal proceedings. *See Walker*, 446 U.S. at 747, 100 S.Ct. at 1983; *Hanna v. Plumer*, 380 U.S. 460, 467–68, 85 S.Ct. 1136, 1141–42, 14 L.Ed.2d 8 (1965).

Therefore, the Court will apply Minn. Stat. § 549.191 and strike plaintiff's claim for punitive damages.

Based on the foregoing, and on all the files, records, proceedings and arguments of counsel,

---

**2.** Minn.Stat. § 549.20, subd. 1 provides in relevant part:

> Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show a willful indifference to the rights or safety of others.

**3.** Certainly, the sufficiency of a claim for punitive damages could be tested at the outset of a case through a motion to dismiss for failure to

state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Upon such a motion, however, the burden is on defendant to show that plaintiff can prove no set of facts that would entitle plaintiff to relief. *See Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Conversely, under Minn.Stat. § 549.191, plaintiff must demonstrate a legal and a factual basis supporting any claim for punitive damages.

IT IS ORDERED that defendant's motion to strike paragraph 13 of plaintiff's complaint is granted.